UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| ) | |
| v.   ) | CRIMINAL NO. 2:19-CR-143-DBH |
| ) | |
| JAMES C. MASCETTA,   ) | |
| ) | |
| DEFENDANT   ) | |

**ORDER ON DEFENDANT'S MOTION FOR SENTENCING VIA VIDEO**

The defendant has previously pleaded guilty. (ECF No. 26). He is incarcerated pending sentencing. Now, through counsel, he has moved "to proceed to sentencing via video." Def.'s Mot. (ECF No. 80). The government does not object. Gov't's Resp. (ECF No. 81).

As I said in United States v. Fagan:

> Federal Criminal Rule 43 requires that a defendant be present in person to plead guilty to a felony and be sentenced. Fed. R. Crim. P. 43(a) ("the defendant must be present"); United States v. Bethea, 888 F.3d 864, 866-67 (7th Cir. 2018) (the in-person requirement is not waivable). During the COVID-19 pandemic, however, Congress has authorized federal judges to take a felony guilty plea and sentence by video or teleconference if the defendant consents after consulting counsel, and if "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136,

> § 15002(b)(2)(A), (b)(4), 134 Stat. 281, 528-29 (2020).[1]
> To date, judges in this District have used that emergency authority to take felony guilty pleas and sentence defendants by telephone or videoconference when the parties have recommended "time served" sentences.

No. 2:19-cr-123-DBH, 2020 WL 2850225, at *1 (D. Me. June 2, 2020).

In this case, the parties' respective sentencing recommendations are not identical but also not far apart; it appears that the defendant will soon have served seven months in custody, not far from the highest recommended sentence; and without a videoconference sentencing, the defendant will probably serve several more months before the pandemic resolves sufficiently to permit resumption of in-person sentencing. In other words, the likely sentence here is closely equivalent to a "time served" sentence, and to delay sentencing would likely result in incarceration longer than the ultimate sentence.

For those specific reasons, I find that sentencing cannot be further delayed in this case without serious harm to the interests of justice.

**SO ORDERED.**

**DATED THIS 22ND DAY OF JULY, 2020**

/S/D. BROCK HOENBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] Other CARES Act requirements are satisfied by Judicial Conference findings and the Chief Judge's Order in this District. At the hearing, I will inquire of the defendant whether he has consulted with counsel and consents to waiving an in-person sentencing.